**Jose Luis OROZCO–ZACARIAS,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–70857.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided March 15, 2004.

Robert H. Gibbs, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Seattle, WA, Oil, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq.,

**208**

DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Jose Luis Orozco–Zacarias appeals the denial of his special agricultural worker (SAW) application by the Legalization Appeals Unit (LAU) as well as the denial of his cancellation of removal application by the Board of Immigration Appeals. We conclude that 8 U.S.C. § 1160(e)(2)(B) obligated the LAU to consider the Soto affidavit, and remand for the LAU to consider it in the first instance. In view of this disposition, Orozco's appeal from the denial of his cancellation of removal application is now moot.

 Section 1160(e)(2)(B) governs the LAU's review of the initial denial of Orozco's SAW application. It provides that agency appellate review "shall be based solely upon the administrative record established at the time of the determination on the application *and upon such additional or newly discovered evidence as may not have been available at the time of the determination.*" 8 U.S.C. § 1160(e)(2)(B) (emphasis added). Section 1160(e)(2)(B) required the LAU to consider additional evidence that the regional processing facility had not considered in its preliminary determination, but that Orozco had submitted prior to the LAU's decision.

We may not affirm the LAU on an alternative rationale upon which it might have relied, but did not, in deciding Orozco's appeal. *Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000) (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct.

1575, 91 L.Ed. 1995 (1947)). The court can only uphold a decision based on a rationale that the LAU itself offered. *Id.* The LAU did not address the Soto affidavit; the rationales that the Government proposes on appeal are not based on any rationale the agency itself had offered. Accordingly, we must remand to the LAU to consider the Soto affidavit in the first instance.

Because we remand the SAW application to the LAU for further consideration, the appeal of the cancellation of removal application is now moot and the order of removal is vacated.

We grant the Government's pending motion to strike.

**REVERSED AND REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

